Erwin G. BAUMER and Clara S. Baumer, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Erwin H. BAUMER and Gail A. Baumer, Plaintiffs,

v.

UNITED STATES of America, Defendant.

SEVEN EIGHTY–EIGHT GREENWOOD AVENUE CORPORATION, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Nos. C74–204A–1 to C74–204A–3.

United States District Court, N. D. Georgia, Atlanta Division.

April 27, 1981.

Alex P. Gaines, Alston, Miller & Gaines, Atlanta, Ga., for plaintiffs.

Barbara A. Harris, Asst. U. S. Atty., Atlanta, Ga., Steven Gremminger, Atty. Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## ORDER

MOYE, Chief Judge.

These cases were remanded to this Court by the Fifth Circuit Court of Appeals in

*Baumer v. United States*, 580 F.2d 863 (5th Cir. 1978). The Fifth Circuit affirmed in part, reversed in part, and remanded in part, the findings of fact and conclusions of law entered by this Court on March 8, 1976 following trial. This Court held a hearing on January 8, 1981, to finally resolve the issues remanded.

*Statement of the Case.* The case is a result of three consolidated income tax refund suits brought by a corporation (Seven Eighty-Eight Greenwood Avenue Corp.), its sole shareholder (Erwin G. Baumer), and the sole shareholder's son (Erwin H. Baumer) to determine the federal income tax consequences to those parties of a series of transactions involving (a) the grant of an option by the corporation to the son to purchase a one-half interest in certain real estate, (b) the subsequent exercise of that option and purchase by the son from the corporation of the one-half undivided interest, and (c) thereafter, the sale of the real estate by the son and the corporation to a third party.

It has previously been established that the grant of the option by the corporation to the son resulted in a constructive dividend from the corporation to the shareholder (the son's father) measured by the value of the option. This Court and the Fifth Circuit have assumed without deciding that the grant of an option by a corporation to a shareholder for the purchase of corporate property is a taxable event at the time of the grant of that option, if the fair market value of such an option is ascertainable at the time of its grant. If there is no ascertainable fair market value at the time of the grant, the taxable event is deferred to the time of exercise and the measure of the taxable event, i. e., the valuation of the option, is made at the time of exercise.

This Court found that the option had no ascertainable fair market value at the time of its grant and accordingly valued the option at the time of its exercise. It was that valuation that the Fifth Circuit found to have been incorrectly determined and which caused this case to have been remanded.

*Plaintiffs' argument.* Plaintiffs contend that this Court should now determine that the option granted the son had an ascertainable value at the time it was granted, contrary to the conclusion of law entered in 1976. Plaintiffs argue that such a conclusion is now proper because (1) the Fifth Circuit altered the legal standard on which this Court relied in holding that the value of the option was not ascertainable, and (2) the Court has now heard evidence, at the January 1981 hearing, on the value of the option at the time it was granted. The significance of now making a determination that the value was ascertainable when granted is that the valuation as made earlier by this Court under the "open transaction" doctrine and which would otherwise have to be redetermined due to the Fifth Circuit's opinion would not now have to be made. The "open transaction" valuation, whereby the recognition of dividend income is deferred until the option is exercised, was applied by this Court and approved by the Fifth Circuit only because both courts found the value of the option impossible to ascertain. This Court found it unascertainable because of the ad hoc nature of such a real estate option; the indeterminate length of time the option was to be in effect; and "perhaps most importantly" because of questionable value to, and enforceability in the hands of, any third party of such an option for which no consideration was given and which represented an intrafamily transaction. Conclusion of Law No. 4.

Plaintiffs argue that the value is now ascertainable because the Fifth Circuit found the option legally enforceable despite the lack of consideration paid therefor. 580 F.2d at 872. That legal conclusion destroys the basis for finding the value unascertainable on which this Court relied in chief, and plaintiffs argue, leaves only the ad hoc basis of real estate options as a reason for concluding the option to have been without value when granted. If the option was enforceable, it was enforceable by its terms, which included a fixed length of time in which the option could be exercised.

At the hearing held January 8, 1981, Frank Roberts, an expert real estate appraiser since 1958, testified that the option was worth $5,000 on February 7, 1966, when the corporation granted it to son, and increased in value to $75,000 on January 12, 1967, when the son's option was renewed and enlarged to include additional acreage.

*Defendant's response.* The Government argues that the Court may not now decide the value of the option on the date it was granted, but instead is bound to apply the formula suggested by the Fifth Circuit for the "open transaction" valuation. The Government argues that the doctrine of law of the case applies and that the Fifth Circuit held that the value of the option was subject to the "open transaction" doctrine and could be valued only at its date of exercise, which was shown to be $146,675, at the January 1981 hearing.[1]

*Analysis.* The reason this Court and the Fifth Circuit used the "open transaction" valuation was that it was believed the option had no ascertainable value when granted. This Court based that conclusion on an erroneous belief the option was unenforceable due to a lack of consideration having been paid and the intra-family nature of the transaction, the belief that because of the above the option had no determined length of existence, and the "ad hoc nature of a real estate option." The Fifth Circuit based its conclusion on a lack of evidence in the record demonstrating an ascertainable fair market value for the option at the time it was issued. 580 F.2d at 886. The option has now been held to be legally enforceable, *Id.* at 872, and this Court has heard testimony on the value of the option at the time of its initial grant ($5000) and at the time of its renewal and enlargement ($75,000). Both reasons which earlier precluded valuing the option when granted have become nonexistent. The plaintiffs' argument that this Court should admit the evidence adduced at the January 1981 hearing is persuasive. The Fifth Circuit, contrary to the Government's understanding, did not hold that the option's value when granted could never be determined, nor did it hold that the "open transaction" valuation was the exclusive manner for valuation. It resorted to the "open transaction" valuation, as did this Court, only when it determined the option's 1966 or 1967 value to be unascertainable.

■ As noted above, both the Fifth Circuit and this Court assumed *without deciding* that the grant of an option by a corporation to a shareholder for the purchase of corporate property is a taxable event at the time of the grant of the option if the fair market value of such an option is ascertainable at the time of its grant. To now find the option's value ascertainable when granted requires the Court to *hold* the above rather than *assume* it and it also allows the taxpayer to win this suit because neither tax year 1966 or 1967, the years the option was granted and renewed, is before the Court. *See* 580 F.2d at 885.

■ The Fifth Circuit states that both parties have agreed that under the Internal Revenue Code of 1954 the taxable event is the grant of an option, not its exercise. 580 F.2d at 884. The court noted that this is probably, but not certainly, the law despite a Supreme Court decision to the contrary under the Revenue Act of 1928, *see Palmer v. Commissioner,* 302 U.S. 63, 58 S.Ct. 67, 82 L.Ed. 50 (1937), and feared that the government perhaps conceded too much in agreeing the taxable event was the grant of the option, 580 F.2d at 884 n. 32, because if the option's value was ascertainable when granted the taxpayer would win this case.

In addition to the concessions of the parties before the Fifth Circuit, the Court to-

---

1. The figure of $146,675 is arrived at by following the formula referred to by the Fifth Circuit at 580 F.2d 863, 886, and by utilizing the testimony heard at the January 8, 1981 hearing. Thus, the Court subtracted the option's exercise price of approximately $100,000 from $246,675, the value the Government's witness assigned to one-half of the underlying property as of December 6, 1968. That date was used because the option was exercised then; the value of only one-half of the underlying property was used because the option granted its holder the right to purchase only one-half of that tract.

day *holds* that the taxable event herein was either the initial grant of the option in 1966 or the renewal and enlargement of it in 1967. The Fifth Circuit held on appeal that under the 1954 Code a distribution of an option to acquire corporate property constitutes a distribution of property within the meaning of section 301 of the Code. 580 F.2d at 881. Now that this Court is able to ascertain the value of the option when distributed due to the elimination of previous legal and factual impediments, the taxpayer's liability arose at the date of the distribution (1966 or 1967) pursuant to subsections 301(b)(1)(A), 301(b)(3) and 301(c)(1). Because no assessment was levied against taxpayers during 1966 or 1967 for the dividend which is the subject of this suit, 580 F.2d at 885, collections by the Government from the plaintiffs for tax years subsequent to those years were improper. Consequently, the Court DIRECTS the Clerk to enter judgment (1) For plaintiffs Erwin G. and Clara S. Baumer on Count I of their complaint in Civil Action No. 74–204A–1 in the amount of $109,468.63 (composed of principal tax in the amount of $86,800.00 and assessed interest thereon of $22,668.63) with interest thereon at the rate provided by law from August 31, 1973; and (2) For plaintiffs Erwin H. and Gail A. Baumer on Count I of their complaint in Civil Action No. 74–204A–2 in the amount of $11,817.10 (composed of principal tax in the amount of $9,661.34 and assessed interest thereon of $2,155.76) with interest thereon at the rate provided by law from October 31, 1973. With respect to Count II of the complaint in Civil Action No. 74–204A–2 the plaintiffs shall take nothing inasmuch as that count is an alternative not applicable under the holdings herein. This matter being finally resolved following remand, the Clerk shall close the files in Civil Action Nos. 74–204A–1, 74–204A–2, and 74–204A–3.